IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCUS RATLIFF | § | |
|    TDCJ-CID #873069 | § | |
| | § | |
| VS. | § | C.A. NO. C-08-256 |
| | § | |
| RAFAEL MENCHACA, ET AL. | § | |

## **MEMORANDUM AND RECOMMENDATION TO DISMISS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed for failure to state a claim and as frivolous. See 28 U.S.C. §§ 1915(e)(B), 1915A(b)(1).

**I.       JURISDICTION.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.     FACTUAL ALLEGATIONS**.

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on July 31, 2008, and named as defendants Officer Rafael Menchaca, the Administrative Segregation Property Officer, and Frances Gomez, the General Population Property Officer. Plaintiff claims that defendants wrongfully deprived him of his personal property in violation of his due process rights and in violation of TDCJ rules and regulations.

A Spears[1] hearing was held on September 23, 2008. The following allegations were made in plaintiff's original complaint (D.E. 1), or at the hearing:

On September 11, 2007, plaintiff was removed from his cell in Administrative Segregation, and placed in the prison infirmary due to a psychological issue. Later that day, he was transferred to the Jester IV Medical Unit for inpatient care.

Plaintiff returned to the McConnell Unit in October 2007; however, all of his personal property that he had left in his McConnell Unit cell was now missing. His personal property

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

included: a fan, a $20 radio, head phones, batteries, hot pot, personal toiletries, clothing items, boots, and reading material.

Officer Gomez told plaintiff that Officer Menchaca had packed his personal property and sent it to the Jester IV Unit. Officer Gomez told plaintiff on three separate occasions that his personal property was on its way back from the Jester IV Unit, but it never arrived.

On February 15, 2008, plaintiff submitted a Step 1 grievance complaining that he had been without his personal property since September 2007. (D.E. 1 at 18-19). By response dated March 26, 2008, Warden Crites denied plaintiff's Step 1 grievance stating that an "Investigation has revealed that the property room has no property for you. No action taken." Id. at 19.

On March 27, 2008, plaintiff filed a Step 2 grievance complaining that, according to an Administrative Directive, there was a time limit by which prison officials must either return his property or pay for it. (D.E. 1 at 17-18). By response dated April 29, 2008, plaintiff's Step 2 grievance was denied on the grounds that the Step 1 response was appropriate. Id. at 17.

It has now been one year since plaintiff has been without his personal property. One officer gave him a fan from the property room. An officer also attempted to give him a radio, but the radio was a modified tattoo gun, and therefore, plaintiff returned it to avoid a disciplinary case. His original radio was legal.

Plaintiff seeks return of his property or the value of his property in cash.

### III. DISCUSSION.

#### A. Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

#### B. Loss of personal property.

Read in the light most favorable to plaintiff, plaintiff raises a constitutional claim for loss of property without due process of law.

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the

available remedies or show that the available remedies are inadequate. Hudson, 468 U.S. at 534-35.

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); see also Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– – San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. Tex. Gov't Code § 501.007 (Vernon 2005).

Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause.[2] See Hudson, 468 U.S. at 536 (noting that even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). To the extent that plaintiff claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. Daniels v. Williams, 474 U.S. 327, 328 (1986).

Plaintiff testified that he has not filed suit in state court pursuant to § 501.007 or for conversion. In addition, plaintiff may bring suit in federal court only if relief is denied in

---

[2] *Cf*. Allen v. Thomas, 388 F.3d 147 (5th Cir. 2004) (permitting a prisoner's § 1983 denial of due process claim to proceed where the taking of his radio and word processor where done pursuant to TDCJ Administrative Directive 03.72).

state court on grounds other than the merits of his claim. See Thompson v. Steele, 709 F.2d 381, 383 n.3 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Here, plaintiff testified that the value of the missing property is approximately $500.00. In addition, he has already received a fan. Were he to prevail on his recovery of $500.00 from defendants, he will be made whole, such that the post-deprivation is adequate.

Plaintiff has not pursued his state court remedies and, until he does, he cannot attempt to allege that the post-deprivation remedy is inadequate. As such, plaintiff's claim for property loss fails to to state a constitutional issue, and it is recommended that it be dismissed for failure to state a claim.[3]

### C. Failure to follow TDCJ rules or regulations.

Plaintiff also argues that Officer Menchaca did not follow TDCJ rules and procedures. (See D.E. 1 at 1 at 4). He maintains that Officer Menchaca was required to hold his property at the McConnell Unit for 30 days for Jester IV personnel to notify him to either forward plaintiff's property to them, or retain the property at the McConnell Unit for plaintiff's return. Id.

Even if true, however, the mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. Myers v.

---

[3] Because the loss of plaintiff's property appears to be the result of a random and unauthorized act by a state employee, Allen v. Thomas, 388 F.3d 147 (5th Cir. 2004), does not apply.

Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Williams v. Treen, 671 F.2d 892, 900 (5th Cir. 1982).   This allegation fails to state a claim.

**IV.   RECOMMENDATION.**

Plaintiff has failed to state a claim upon which § 1983 relief can be granted.  An adequate post-deprivation remedy exists under state law concerning his alleged loss of property such that he does not have a due process claim.  Similarly, plaintiff's complaint that defendant Officer Menchaca violated TDCJ rules and regulations does not raise due process concerns.  Accordingly, it is respectfully recommended that plaintiff's claims be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

Should the Court adopt this recommendation, it is further recommended that the Clerk be directed to provide copies of this recommendation and the Court's order to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker, Three-Strikes administrator.

Respectfully submitted this 30th day of September, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Serv's Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).